CC: USPO USMS PTS

DEC 19 2008

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )   CASE NO. *CR* 08-1053-GHK
                                )
          v.                    )
                                )   ORDER OF DETENTION
*Juan Rangel*                   )
                                )
                    Defendant.  )
                                )

I.

A. ( )   On motion of the Government in a case allegedly involving:

    1. ( )   a crime of violence.

    2. ( )   an offense with maximum sentence of life imprisonment or death.

    3. ( )   a narcotics or controlled substance offense with maximum sentence of ten or more years .

    4. ( )   any felony - where the defendant has been convicted of two or more prior offenses described above.

    5. ( )   any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C § 2250.

B. (✔)   On motion by the Government / ( ) on Court's own motion, in a case

1    allegedly involving:

2    ( )    On the further allegation by the Government of:

3    1. (ν)    a serious risk that the defendant will flee.

4    2. ( )    a serious risk that the defendant will:

5        a. ( )  obstruct or attempt to obstruct justice.

6        b. ( )  threaten, injure, or intimidate a prospective witness or juror or attempt

7            to do so.

8    C. The Government ( ) is/ (ν) is not entitled to a rebuttable presumption that no

9        condition or combination of conditions will reasonably assure the defendant's

10       appearance as required and the safety of any person or the community.

11

12                                    II.

13   A. (ν)    The Court finds that no condition or combination of conditions will

14           reasonably assure:

15       1. (ν)    the appearance of the defendant as required.

16       ( )    and/or

17       2. ( )    the safety of any person or the community.

18   B. ( )    The Court finds that the defendant has not rebutted by sufficient

19           evidence to the contrary the presumption provided by statute.

20

21                                    III.

22   The Court has considered:

23   A. the nature and circumstances of the offense(s) charged, including whether the

24       offense is a crime of violence, a Federal crime of terrorism, or involves a minor

25       victim or a controlled substance, firearm, explosive, or destructive device;

26   B. the weight of evidence against the defendant;

27   C. the history and characteristics of the defendant; and

28   D. the nature and seriousness of the danger to any person or to the community.

---

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

V.

The Court bases the foregoing finding(s) on the following:

A. ( ✓ )   As to flight risk: _See attachment I._

B. ( ✓ )   As to danger: _Because we finding detention appropriate on the flight risk prong, we do not reach the danger prong at this time._

VI.

A. ( )   The Court finds that a serious risk exists that the defendant will:

  1. ( ) obstruct  or  attempt to  obstruct  justice.
  2. ( ) attempt to/ ( ) threaten, injure or intimidate a witness or juror.

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

B. The Court bases the foregoing finding(s) on the following: _____

_____

_____

_____

_____

_____

_____

_____

## VII.

A. IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C. IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D. IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 12/18/08

UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT I

We have considered the entire record before us.  To the extent that the Government claims that Mr. Rangel is under investigation for a more wide-ranging fraud, we do not consider the substance of such as yet unproven allegations, but merely consider the fact of the pending investigation as a factor in determining flight risk.

Having considered the entire record, we find and conclude that there are no conditions or combinations of conditions that will reasonably assure Mr. Rangel's appearance as required.

Two persons have said to agents that Mr. Rangel had stated his intention to flee the jurisdiction. Although defense counsel questions the credibility of these witnesses, we conclude that this hearsay evidence is not only admissible at a detention hearing, but is sufficiently reliable for us to lend it some weight because the two persons tend to corroborate each other on this issue.

Moreover, Mr. Rangel has substantial ties to Mexico.  He is a citizen of Mexico, he has a house of substantial value there, his mother and some of his children reside there, he has a business there.  These factors all suggest that Mr. Rangel has substantial alternatives to remaining here to face the charges currently pending against him.

Additionally, Mr. Rangel has had access to large sums of cash that would facilitate his

departure.  At least two other persons (one of whom is his own son) have said that Mr. Rangel had taken in large amounts of cash which were then stored at this home.  A search of the home turned up no cash.  Thus, the reasonable inference is that Mr. Rangel still has access to significant amount of cash that will facilitate his flight.  Additionally, he had withdrawn $70,000 in cash just a short time before his arrest, and shortly after the closing of his business.

We recognize that Mr. Rangel also has had substantial ties to the local community during much of the last two decades. His wife and two minor children are United States citizens and reside here.  He also has three children from a prior marriage who reside here.  He asserts that he has only been to Mexico for 55 days in the last 18 years.  He owns property here, and has had numerous persons write letters on his behalf.

While these substantial ties to the local community may suggest that Mr. Rangel would not likely flee because he would be separated from his immediate family, the very real potential of deportation suggests that any incentive to remain here with his family is substantially diminished because if he is convicted, he would likely be involuntarily separated from his immediate family by reason of deportation.

Defendant's counsel also argue that the $1.8 Million dollars sent to Mexico, as well $70,000 withdrawn from the bank were all used for business purposes. However, counsel was not in a

position to offer any evidence.  Thus, we do not
attach any weight to those conclusory
assertions.  Likewise, we do not consider the
Government's offer of an *in camera* showing
because, as we stated on the record in court, we
do not consider evidence that is not made
available to the other side.

We reject defendant's assertion that
detention here would be based merely on
defendant's ancestry.  As noted above, the
myriad of factors demonstrate unmitigated flight
risk quite separate and apart from his ancestry.

We have also considered the proffered
sureties, and find that they are insufficient
for the reasons set forth in the Government's
position papers.

Based on the foregoing, we find and conclude
that the Government has shown by a preponderance
of the evidence that there are no conditions or
combination of conditions that will reasonably
assure defendant's appearance as required.
Accordingly, defendant Juan Rangel is hereby
ordered detained pending resolution of this
matter.